Welch, J.
The plaintiff has filed numerous motions to compel answers to interrogatories and production of documents. These motions are extensive. For example, the plaintiff has moved to compel over 35 separate categories of documents from defendant D’Amore, a similar motion has been filed as to defendant Lynch. Likewise, the plaintiff requests compulsion of records to at least 15 categories of documents from defendant Valor Electronics. All of the these document requests are broadly phrased and cover an extensive time period (most from 1988 to the present). These requests have met with voluminous opposition of each of the defendants. Indeed, the defendants also have moved to compel production of documents from the plaintiff and have requested protective orders.
This discovery war is premature because the plaintiff has failed to comply with the Superior Court Rule 9C.
Rule 9C places a mandatory burden upon counsel for each of the parties to “confer in advance of filing any motion under Mass.R.Civ.P. 37 in a good faith effort to narrow areas of disagreement to the fullest extent possible.” The Rule also places the burden upon counsel for the party who intends to file the motion to initiate such a conference. It is undisputed that no such conference occurred here. The lack of any such good faith effort to narrow any areas of disagreement is apparent from the contentious and voluminous documents that now burden the court in this discovery dispute.
Counsel for the plaintiff responds that she complied with Rule 9C in the following fashion: On the day proceeding her filing of these extensive motions, she left a voice mail message with each of the opposing counsel. When she did not receive phone calls that day from counsel, she filed these motions the next morning. It is plainly apparent that these extensive motions *672 already were prepared and ready to be dropped upon opposing counsel prior to any phone call. Plaintiffs counsel also states that she met with opposing counsel (after filing these motions) at various depositions and that opposing counsel never mentioned anything regarding tire filings. This does not constitute, by a long shot, compliance with the spirit or the words of Superior Court Rule 9C. That rule requires, in this case, plaintiffs counsel not only to attempt to initiate a conference but to actually hold such a conference before filing any such motion. The fact that opposing counsel did not respond within an eight-hour work day hardly exhibits a good faith effort to hold such a conference. There may be rare situations where counsel for one party will engage in unprofessional and obstructive behavior preventing such a discovery conference. This case doesn’t present this factual scenario in the slightest.
Rule 9C serves a salutatory purpose. A conference between counsel in this case plainly could narrow areas of disagreement. For example, the plaintiff is requesting documents over a remarkably broad time span (1988 to the present). Given that the individual defendants resigned their employment with the plaintiff as of January 3, 1994, it seems that most of the document requests post 1994 are plainly irrelevant. Other discovery requests are drafted in remarkably broad language to cover every check or credit card statement ever written or received by the individual defendants. A conference could easily narrow this request down to canceled checks written to a certain individual or entity controlled by that individual. Suffice it to say that there are plenty of areas where competent counsel could get together and negotiate in good faith to obtain the documents that they need for legitimate discovery but minimize any undue burden upon opposing counsel.
The result of a failure to comply with Rule 9C places an immense burden upon the court. Such a complete failure to abide by the spirit of the rule will not be tolerated. Aside from trying cases from 9:00 a.m. to 4:00 p.m. on most days, this court handles at least fifteen motions on a daily basis. Some of these motions are necessarily lengthy and challenging. The parties deserve a thoughtful and prompt disposition of these motions. Yet a premature discovery dispute such as this significantly delays the administration of justice and smacks of short sighted gamesmanship. In this case, counsel for the plaintiff is ordered to initiate a conference with all opposing counsel to go over each and every remaining discovery dispute. Given the failure to comply with Rule 9C in the past, it is hereby ordered that plaintiff pay each opposing counsel $400.00 to cover fees and costs incurred in filing responses to these premature discovery motions and appearing at the hearing of these motions. It is further ordered that plaintiffs counsel arrange for this to be a face-to-face meeting with all opposing counsel and that it be scheduled at a time convenient to opposing counsel and with sufficient advance notice that all parties can pull together all remaining discovery disputes. These discovery disputes shall be negotiated in complete good faith at this conference and resolved to the greatest extent possible. Any remaining disputes, should any exist, may then be resolved through the Rule 9A motion procedure. Counsel are reminded that any future discovery motions must take the form set forth in Superior Court Rule 30A, namely setting forth the text of the interrogatory or request, followed by the opponent’s response, and thereafter followed by argument.
Therefore, all the motions filed by the plaintiff seeking discovery are denied without prejudice. Likewise, all the motions filed in response by the defendants’ are denied without prejudice.